IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CONNIE LEVASSUER,

    Plaintiff,

v.

SHADES INLET INC.,

    Defendant.

Case No.: 3:20-CV-5552-RV-HTC

**JOINT MOTION TO APPROVE SETTLEMENT AND
JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff Connie Levassuer ("Levassuer"), and Defendant Shades Inlet, Inc. ("Shades") (collectively "the Parties"), in connection with the Parties' settlement in this case, hereby jointly request that this Court approve their settlement and dismiss this matter with prejudice.

**I.    PRELIMINARY STATEMENT**

This case arises under the Fair Labor Standards Act ("FLSA"). Therefore, the Parties' settlement must be approved by this Court, and said approval must be entered as a stipulated final judgment. *See Lynn's Food Stores, Inc. v. United States*, 679 F. 2d. 1350 (11th Cir. 1982). The Parties jointly agree and propose to this Court that their Settlement Agreement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1355. In support thereof, the Parties show the

following:

## II. FACTUAL BACKGROUND

On April 8, 2020, Levassuer filed her Complaint alleging unlawful retaliation and overtime violations under the Fair Labor Standards Act ("FLSA"). [DE 1][1]. Levassuer's claims arose from her allegations that she was not properly compensated the correct regular rate of pay for each hour worked in excess of forty (40) per work week. Shades filed a timely Answer to the Complaint, asserting Affirmative Defenses and denying all allegations of wrongdoing or liability on June 22, 2020. [DE 5]. Subsequent to Shades' Answer, the Parties engaged in formal and informal discovery. Thereafter, the Parties participated in mediation on February 2, 2021, where the Parties reached a settlement of all of Levassuer's claims. A copy of the Parties' Settlement Agreement is attached hereto as Exhibit "A."[2]

Importantly, Levassuer is receiving significant consideration for her overtime claims, as she is paid full relief of $13,900.00, representing full relief for her claims, comprised of overtime wages and liquidated damages and $23,100.00 in attorneys' fees. Thus, had Levassuer gone to trial, she could not have received more money. The Parties jointly agree that the terms of the Settlement Agreement are appropriate

---

[1] Levassuer's Complaint was originally filed in Walton County Circuit Court. Shades removed the action to the Northern District of Florida and Levassuer's Complaint is attached as Exhibit "A" to the Notice of Removal. [DE 1].
[2] The Parties notify this Court they entered into a separate written general release settlement agreement, which provided separate compensation to Plaintiff only. Plaintiff's Counsel did not receive any attorneys' fees and/or costs from the separate written settlement agreement.

in light of all the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing was taken into account in the Parties agreeing upon the resolution memorialized in their Settlement Agreement.

**III.  CITATION TO AUTHORITY**

  **A.  FLSA Settlements Require Court Approval**

The Northern District of Florida has followed *Lynn's Food*, finding that courts must determine whether a compromise of an FLSA claim for wages represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Parker v. Short Stop Pantry, Inc.*, 2018 U.S. Dist. LEXIS 228209, *1 (N.D. Fla. 2018).

Pursuant to *Lynn's Food* there are only two ways in which back pay wage claims under the FLSA can be settled or compromised by employees; (1) under Section 216(c), the Secretary of Labor is authorized to supervise payment to unpaid wages owed to them; or (2) suits brought directly by employees against their employer under Section 216(b) to recover back pay for FLSA violations. *Lynn's Food* at 1352-1353. In the instant action, the circumstances justify the Court's approval of the Parties' Settlement Agreement to resolve and release Plaintiff Connie Levassuer's FLSA claims against Defendant Shades Inlet, Inc.

The proposed Settlement Agreement arises from an adversarial action initiated by Levassuer against Shades as Levassuer's former employer. Levassuer

contends that she was not paid the correct hourly rate for every hour worked over forty (40) per week under the FLSA. Shades has denied that Levassuer is owed unpaid wages, liquidated damages, or any other relief for part or all the relevant periods of time subject to this litigation. As a result, this case involves a bona fide dispute as to whether and to what extent Levassuer is owed any relief under the FLSA. Notwithstanding, Shades has agreed to pay Levassuer $13,100.00 in claimed overtime wages and liquidated damages that she contends is owed to her. The Parties through their attorneys, voluntarily agreed to the terms of the Settlement Agreement during mediation which was conducted in good faith. All parties were counseled and represented by their respective attorneys throughout the litigation and the settlement process.

     **B.    The Settlement Agreement Should be Approved As It Is A Fair And Reasonable Compromise Of Disputed FLSA Claims**

When an employee brings a private action for back wages under the FLSA, and presents to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food* at 1354. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In determining whether a settlement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the

4

settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287, *4 (M.D. Fla. 2007).

The external factors include whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Dees v. Hydrary, Inc.*, 706 F. Supp. 1227, 1243-44 (M.D. Fla. 2010). Additionally, in deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed must be considered, as well as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id*. at 1241. Courts should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton* at *4. As shown below, the factors strongly favor the Court approving the Parties' Settlement Agreement in this action.

  C. **The Internal Factors Demonstrate That The Settlement Agreement Is Fair And Reasonable And Should Be Approved**

    1. <u>There Is No Collusion Behind The Settlement</u>

As the pleadings demonstrate, this was a disputed litigation which was resolved only after the Parties exchanged detailed information concerning the pay

5

rates and work hours of Levassuer. This discovery narrowed the range of possible recovery amounts for Levassuer. Additionally, the settlement was negotiated over several months, with the Parties exchanging multiple offers and counteroffers as well as frank discussion among counsel regarding the strengths and weaknesses of each party's position before settlement was ultimately agreed upon at mediation. It is therefore clear that there is no collusion between counsel for Plaintiff and Defendant. This factor is strongly in favor of approving the Parties' Settlement Agreement. The attorney's fees and costs that the Parties agreed upon for Plaintiff's counsel, were negotiated separately from and without regard to the settlement sums being paid to Plaintiff. *See* Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

    2. The Complexity, Expense, And Likely Duration Of The Litigation Favor Approving The Settlement Agreement

Although this action was not legally complex, it did require substantial development of facts in order for the Parties to reach settlement. The Parties and their counsel prudently attempted to devote their resources toward settlement, rather than continued litigation. Had the Parties been unable to reach a settlement, numerous depositions would have been taken, and significant delay in resolution of the dispute would ensue. Shades asserted that Levassuer was properly compensated and therefore not entitled overtime compensation. Notwithstanding, Shades agreed to pay the amount specified in the Settlement Agreement as full compensation which

Levassuer contends she is owed. If the Parties' Settlement Agreement is not approved, many issues remain to be litigated with no accompanying commensurate benefit to Levassuer. Additionally, since this case does not present any novel issues of law, approving the Parties' Settlement Agreement will not frustrate the purposes of the FLSA.

The expense and likely duration of the litigation also support approving the Settlement Agreement as this case is being aggressively litigated by both Parties' counsel and will otherwise not be resolved quickly.

3. The Stage Of The Proceedings And The Amount Of Discovery Completed Support Approving The Settlement Agreement

Shades has provided Levassuer's work and pay records in discovery, which helped Levassuer, and her counsel establish the amount she claimed to be owed. After arms-length negotiations and mediation, the Parties agreed on the terms of the Settlement Agreement which Levassuer agrees is the full amount she is owed. As such, Levassuer had sufficient information at the time the case was conditionally settled to determine a reasonably accurate range of potential damages and recovery. This factor weighs in favor of approving the Parties' Settlement Agreement.

4. The Probability of Plaintiff's Success and The Range Of Recovery Support Approving the Proposed Settlement Agreement

The Parties strongly disagree as to the merits of this case. Levassuer and her counsel believe that she would prevail on summary judgment and Shades believes it

would prevail on summary judgment. As the Settlement Agreement provides for a full recovery of Levassuer's alleged damages, it should be approved as fair.

   5. <u>The Opinions of Counsel Support Approval Of The Settlement Agreement</u>

At all times material hereto, Levassuer and Shades have been represented by counsel experienced in the litigation of FLSA claims and the settlement amount and the final Settlement Agreement was the subject of arms-length negotiations and mediation. After discussion about the strengths and weaknesses of each Parties' case, the Parties along with their Counsel are of the opinion that the Settlement Agreement is fair and reasonable and should be approved by this Court.

**D.   The "External Factors" Support Approving The Settlement Agreement**

The external factors to examine when considering that fairness of a proposed FLSA settlement address whether the compromise frustrates the purposes of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Dees* at 1243-44.

These factors also favor approval of the Settlement Agreement. The Settlement Agreement does not frustrate the purposes of the FLSA. The Settlement Agreement does not affect the rights of anyone but Levassuer and her counsel as well as Shades and its counsel. As these external factors support approval of the

Settlement Agreement, the Parties respectfully request that this Court approve it.

The Parties therefore respectfully submit that the Settlement Agreement is consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, as all of the relevant internal and external factors support the approval of the Settlement Agreement in this matter.

Finally, the Parties jointly advise the Court that the Agreements being submitted include every term and condition of the Parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court.

## IV.   **CONCLUSION**

Based upon the foregoing, the Parties jointly believe the terms of the Settlement Agreement are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of FLSA Settlement and enter a Final Order of Dismissal with Prejudice in this action.

[DATE AND SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted this 4th day of May 2021.

| | |
|---|---|
| */s/\*Noah E. Storch* | */s/Jennifer K. Sniadecki* |
| Noah E. Storch | Mark L. Bonfanti |
| Florida Bar No. 0085476 | Florida Bar. No. 0010185 |
| Alexander Harne | Jennifer K. Sniadecki |
| Florida Bar No. | Florida Bar No. 1010134 |
| Richard Celler Legal P. A. | Hall, Gilligan, Roberts & |
| 10368 W. State Road 84 Ste 103 | Shanlever LLP |
| Davie, FL 33324 | 4987 E. Co. Hwy 30A |
| Telephone: (866) 344-9243 | Seagrove Beach, Florida 32459 |
| Facsimile: (954) 337-2771 | Telephone: (850) 213-0604 |
| **With Express Permission* | Facsimile: (404) 537-5555 |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

# EXHIBIT "A"

## FLSA SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between Plaintiff CONNIE LEVASSUER, individually, together with her heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Levassuer"), and Defendant, SHADES INLET, INC, together with their predecessors, successors, assigns, affiliates, subsidiaries, parent companies, partners, shareholders, current and past employees, servants, insurers, agents, business partner, legal representatives, and/or any business entity related to or associated with Shades, including but not limited to, Last Call Restaurant Group LLC, Pescado LLC, South Side Slice LLC, Fluke LLC, Oyster Bar LLC, and 4 Noodles LLC (hereafter referred to as "Shades").

1. **Purpose:** The purpose of this Agreement is to conclusively resolve all wage and hour claims of any type that Levassuer may have against Shades including, any claims arising under the Fair Labor Standards Act, including all claims for relief that were made or could have been made by Levassuer in the matter of *Connie Levassuer v Shades Inlet, Inc.*, in the United States District Court, Northern District of Florida, Case No. 3:20-cv-5552 (the "Lawsuit").

2. **Opportunity to Negotiate, Consider and Consult with Counsel:** The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, Levassuer has not relied on any representation, compromise, conduct, or action made by or on behalf of Shade's attorneys. Levassuer acknowledges that she has obtained the advice of competent counsel and agrees that she has been given a reasonable period within which to consider this Agreement. Levassuer and Shades confirm that this Agreement was explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

3. **No Admission of Liability:** The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that Shades expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

4. **Consideration:** The consideration given by Shades to Levassuer under this Agreement consists of payment to Levassuer in the amount of Thirty-Eight Thousand Nine Hundred Dollars and Zero Cents ($38,900.00) to be distributed as follows:

   a. Six Thousand Nine Hundred Fifty Dollars and Zero Cents ($6,950.00), minus all applicable withholdings, payable to Connie Levassuer, for which a W-2 shall be issued;

   b. Six Thousand Nine Hundred Fifty Dollars and Zero Cents ($6,950.00), for liquidated damages, payable to Connie Levassuer, for which a 1099 shall be issued; and

   c. Twenty-five Thousand Dollars and Zero Cents ($25,000.00), payable to Richard Celler Legal, P.A. for attorney's fees and costs, for which a 1099 shall be issued.

Page **1** of **3**

Initials _CL_ _SS_

The above-referenced payments shall be delivered to Noah Storch, Esq. at Richard Celler Legal, P.A., 10368 W. State Road 84 Suite 103, Davie, Florida, 33324 within ten (10) business days of the date after which all of the following occur: (1) this Agreement is fully executed by all parties; (2) this Settlement Agreement is approved by the Court; (3) an Order of Dismissal with Prejudice in the Lawsuit is entered by the Court; and W-9s are provided to Defendant's counsel for Connie Levassuer and Richard Celler Legal, P.A. The consideration given by Levassuer to Shades in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material.

5. **Approval of Settlement and Dismissal of Lawsuit With Prejudice**: Concurrently with the execution of this Agreement, Levassuer shall participate in the filing of all necessary documents to seek Court approval of this settlement and achieve dismissal with prejudice of the Lawsuit, including signing a Joint Motion for Court Approval and Stipulation of Voluntary Dismissal with Prejudice. Levassuer agrees that Shades' counsel will prepare the joint motion for approval, subject to approval of Levassuer's Counsel, and shall thereafter, as quickly as practicable, participate in obtaining prejudicial dismissal of the Lawsuit, with the parties bearing their respective costs and expenses, including attorney's fees.

6. **Acknowledgement of Receipt of All Payment Owed**: Levassuer agrees and acknowledges receipt of all salary, wages, overtime payments, liquidated damages and employee benefits to which she was and/or is entitled as a result of her employment with Shades.

7. **Attorneys' Fees**: In the event that any of the parties bring an action to enforce this Agreement, the prevailing party, after all appeals or the time for appeal has expired, shall be entitled to reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith.

8. **Effect of Waiver**: The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

9. **Governing Law**: The law of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

10. **Ownership of Claims**: Levassuer represents and warrants that she has not sold, assigned, transferred, conveyed, or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract agreement, covenant, guarantee, judgment, damage, claims, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

11. **Multiple Originals**: This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute as one instrument.

12. **Non-Disparagement**: Levassuer agrees not to disparage, defame, libel, slander or place Shades in a negative light, or in any other way that harms the reputation and/or goodwill of Shades to any persons, including but not limited to current or former customers and employees, or members of the media. Additionally, Shades agrees not to defame, libel, or slander Levassuer to

Page **2** of **3**

Initials 

any persons, including but not limited to current or former customers and employees, or member of the media.

DATE: Apr 14, 2021        Signature: _____
                                     Connie LeVasseur (Apr 14, 2021 13:24 CDT)
                                     **Connie Levassuer**

DATE: 4/20/21             Signature: _____*Steven Sapp*_____
                                     **Shades Inlet, Inc.**

Initials CL                Page **3** of **3**